**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Jesse Bass (#2014-0410310), ) | | |
| Plaintiff, ) | | Case No: 14 C 5919 |
| ) | | |
| v. ) | | |
| ) | | Judge John J. Tharp, Jr. |
| County of Cook, et al. ) | | |
| Defendants. ) | | |

**ORDER**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court assesses an initial partial filing fee of $4.12, and directs the trust fund officer at Plaintiff's place of confinement to deduct the initial fee and to continue making deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. The complaint may proceed against Cook County Jail Officers Washington and O'Rourke. The other Defendants are dismissed. The Clerk shall issue summonses for service of the complaint by the U.S. Marshal on Washington and O'Rourke. The Marshal will not attempt service until Plaintiff returns completed USM 285 Service Forms for these Defendants. Plaintiff's motion for attorney representation [4] is denied without prejudice. The clerk shall send Plaintiff Magistrate Judge Consent Form, instructions for filing documents in this Court, and two blank service forms, which he must return within 30 days.

**STATEMENT**

Plaintiff Jesse Bass, a pretrial detainee confined at Cook County Jail proceeding *pro se*, brings this civil rights suit pursuant 42 U.S.C. § 1983 against Jail Officers Washington, O'Rourke (#9748), Lieutenant Tucker, Division 2 Superintendent (name unknown), Cook County, and Cook County Sheriff Tom Dart. Plaintiff alleges that, on April 21, 2014, O'Rourke struck Plaintiff several times and slammed him to the ground while restraining him. Allegedly, O'Rourke instructed Washington and other officers to turn off a camera while O'Rourke performed a painful ankle hold on Plaintiff. According to Plaintiff, a female superintendent arrived after the incident and asked questions as to what occurred, Officer Tucker videotaped Plaintiff's injuries, and a psychiatrist was called.

Currently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* and complaint for initial review under 28 U.S.C. § 1915A, and his motion for attorney representation.

Plaintiff's motion for leave to proceed *in forma pauperis* demonstrates that he cannot prepay the filing fee and the Court thus grants the motion. Pursuant to 28 U.S.C. § 1915(b), this Court assesses an initial partial filing fee of $4.12. The Court authorizes the supervisor of inmate trust accounts at Plaintiff's place of confinement to collect, when funds exist, the partial filing fee from Plaintiff's trust account and pay it directly to the Clerk of this Court. After payment of the

initial partial filing fee, the trust accounts officer is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and officers at his current place of confinement shall notify correctional authorities of any outstanding balance owed in the event that Plaintiff is transferred to another facility.

The Court has conducted a preliminary review of the complaint. *See* 28 U.S.C. § 1915A. Plaintiff's allegations appear to sufficiently state clams against Cook County Jail Officers O'Rourke and Washington. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (use of unreasonable force unnecessary to restore order can amount to a constitutional violation). The complaint may proceed against these Defendants, who must respond to the complaint. Nothing in this preliminary review, however, precludes the assertion of any challenge to the legal sufficiency of the complaint by these defendants.

The other Defendants, however, are dismissed without prejudice. Plaintiff names Sheriff Dart, yet Plaintiff states no allegations against him. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). A supervisory official cannot be held liable for the conduct of his subordinates based on a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). With respect to Cook County, the complaint does not describe a custom or policy with officers using excessive force, but rather, one incident, which does not state a claim against the municipality. *Wilson v. Cook County*, 742 F.3d 775, 780 (7th Cir. 2014) ("a single incident—or even three incidents—do not suffice" to establish an unconstitutional custom).

As to the superintendent and Officer Tucker, both of whom arrived after the alleged excessive force, Plaintiff asserts no wrongdoings by either party. Plaintiff does not contend they failed to intervene or obtain medical treatment for his injuries, and it appears they are named solely for the investigation of the incident after the fact. Such involvement, however, does not give rise to a § 1983 claim. *George v. Smith,* 507 F.3d 605, 609-10 (7th Cir. 2007). ("A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

The Clerk shall issue summonses for service of the complaint by the U.S.. Marshal on Defendants O'Rourke and Washington. The Clerk is directed to mail Plaintiff a blank USM-285 (Marshals service) form. The Court advises Plaintiff that a completed USM-285 form is required for each named Defendant. The U.S. Marshal will not attempt service on Defendant unless and until the required form is received. Plaintiff must therefore complete and return the form within thirty days of the date of this order.

The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. The U.S. Marshal is authorized to send a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service. If the Defendants are no longer at the Cook County Jail, officials there shall provide, if available, information to assist with service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must also send an exact copy of any filing to Defendant or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion to be represented by counsel is denied without prejudice. Plaintiff has not attempted to obtain representation on his own. Although he states that he is not "academically competent" and that he has had assistance with preparing his pleadings, he does not state that jail officials have prevented him in any way from seeking counsel representation and, even with only some high school education, Plaintiff should be able to contact at least some attorneys. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (a *pro se* litigant must attempt to obtain representation or demonstrate that he was effectively precluded from doing so before counsel can be recruited). Even if Plaintiff has satisfied the initial requirement, counsel is not warranted at this time. The legal issue of this case (whether excessive force was used) is not complex; no Defendants have been served; no discovery is being conducted; and the case is currently in its infancy stage. Additionally, Plaintiff's pleadings, even if prepared with the assistance of others, well articulate the facts supporting his claims and demonstrate that he is competent to represent himself at this time. *Pruitt*, 503 F.3d at 655-57; *Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010). The Court may revisit whether attorney representation is warranted at a later stage of this case.

**Date: 09/04/2014**

Hon. John J. Tharp, Jr.
United States District Judge