**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Jesse Bass, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 14 C 5919 |
| | ) | |
| | ) | Judge John J. Tharp, Jr. |
| | ) | |
| O'Rourke, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's response to the motion to dismiss [45] is construed, in part, as a motion for leave to amend the complaint. Plaintiff's motion [45] is granted. The Court grants Plaintiff leave to submit an amended complaint by April 15, 2016. Defendants' motion to dismiss [39] and Plaintiff's motion to conduct discovery to defend against the motion to dismiss [44] are denied as moot. Plaintiff's motions for attorney representation [41, 43] are denied without prejudice to refiling at a later date.

## STATEMENT

Plaintiff, Jesse Bass, a former pretrial detainee of Cook County Jail, brought this civil rights action against Cook County Sheriff Thomas Dart and several Cook County Jail correctional officers. He alleged that Officer O'Rourke used excessive force against him without provocation while Officer Washington watched. The Court conducted a preliminary review of the complaint under 28 U.S.C. § 1915A, and concluded that Plaintiff stated claims against O'Rourke and Washington [5]. The Court dismissed the remaining Defendants from the case [5].

By order dated March 20, 2015, the Court stayed the case pending completion of Plaintiff's state criminal proceedings [21]. Upon the parties' report that Plaintiff was convicted of aggravated battery against O'Rourke and that his state criminal proceedings had terminated, the Court lifted the stay [33].

Currently before the Court are: (1) Defendants' motion to dismiss the complaint [39]; (2) Plaintiff's motion for leave to amend the complaint, as brought by and through his response to the motion to dismiss [45]; (3) Plaintiff's motion to conduct discovery to defend against the motion to dismiss [44]; and (4) Plaintiff's motions for attorney representation [41, 43].

Defendants have moved to dismiss the complaint on the ground that Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* "holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008). Defendants argue that Plaintiff's excessive force and failure-to-protect claims would necessarily imply the invalidity of his aggravated battery conviction and the underlying factual finding that Plaintiff disobeyed a lawful order to sit down and that he struck O'Rourke first.

In his response to the motion to dismiss [45], Plaintiff asks permission from the Court to amend his complaint. The Court therefore construes Plaintiff's response to the motion to dismiss, at least in part, as a motion for leave to submit an amended complaint. Plaintiff proposes amending the complaint to add factual details regarding O'Rourke's use of force *after* Plaintiff was handcuffed. Plaintiff also seems to now abandon the allegation from his original complaint that he did not provoke O'Rourke. The amendments, if allowed, would effectively focus Plaintiff's excessive force claim (and by extension his failure-to-protect claim) on the reasonableness of the force O'Rourke used in response to Plaintiff's assault on him. That narrow claim would avert a *Heck* bar since the "incontestable" fact that a plaintiff assaulted an officer does not foreclose a claim that the officer used excessive force in response to the assault. *Gilbert v. Cook*, 512 F.3d 899, 901, 902 (7th Cir. 2008) (although under *Heck* the plaintiff prisoner was barred from relitigating the disciplinary board's finding that he initiated physical force against a guard, his claim that "the guards used more force than was reasonably necessary to protect themselves from [the] unruly [plaintiff]" was not *Heck* barred.).

The Court therefore allows Plaintiff leave to submit an amended complaint in conformance with his proposed amendments and this Court's discussion. Plaintiff must submit his amended complaint by the above-specified date. Defendants' motion to dismiss [39] and Plaintiff's motion to conduct discovery to defend against the motion to dismiss [44] are necessarily denied as moot.

Finally, Plaintiff's renewed motions for attorney representation are denied. The Court finds that recruitment of counsel is not warranted at this time in light of Plaintiff's demonstrated abilities and the fact that this case is not complex. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The Court previously rejected Plaintiff's request for representation noting that he appears from his filings to be capable of handling this litigation in the early stages [5]. Although Plaintiff states that he cannot read or write well and that in school he was placed in behavior disorder and learning disability classes, his response to the motion to dismiss, which included his request to amend the complaint, is coherent and persuasive. Plaintiff's pro se status, by itself, does not entitle him to recruitment of counsel. Plaintiff's renewed motions for attorney representation [41, 43] are therefore denied without prejudice to the filing of a renewed motion at a later time.

Date: 3/14/16                                /s/  John J. Tharp, Jr.

                                United States District Judge